WESTERN LAND EXCHANGE PRO-JECT, a Washington nonprofit corporation; Central Oregon Forest Issues Committee, an Oregon nonprofit corporation; Wild Wilderness, an Oregon unincorporated association; and Sierra Club, Plaintiffs,

v.

Michael DOMBECK, Chief, U.S. Forest Service; Robert Williams, Regional Forester; and United States Forest Service, U.S. Department of Agriculture, Defendants,

and

Crown Pacific, L.P., Defendant–Intervenor,

No. Civ.A. 98–1201–FR.

United States District Court,
D. Oregon.

April 29, 1999.

Carrie Stilwell, Western Environmental Law Center, Eugene, OR, for plaintiffs.

Kristine Olson, United States Attorney, Thomas C. Lee, Assistant United States Attorney, Portland, OR, Jocelyn B. Somers, Special Assistant United States Attorney, Office of the General Counsel, Portland, OR, for federal defendants.

David A. Bledsoe, Perkins Coie LLP, Portland, OR, James R. Johnston, Galen G. Schuler, Perkins Coie LLP, Seattle, WA, for defendant-intervenor.

OPINION AND ORDER

FRYE, District Judge.

The matter before the court is the plaintiffs' motion for injunction pending appeal (# 160).

## BACKGROUND

On April 15, 1999, this court entered judgment in favor of the federal defendants, including the United States Forest Service (Forest Service), and the defendant-intervenor, Crown Pacific, L.L.P. (Crown Pacific), and against the plaintiffs. Also on April 15, 1999, the court entered judgment in favor of the defendants and Crown Pacific and against the plaintiffs. The court denied the plaintiffs' motion for a permanent injunction; however, it ordered the Forest Service not to exchange deeds pursuant to the "USDA Forest Service/Crown Pacific Limited Partnership Land Exchange Project" (the Land Exchange Project) until seven days after the date that the judgment was entered in order to allow the plaintiffs to file a motion for a stay pending appeal.

On April 19, 1999, the plaintiffs filed a motion for an injunction pending appeal.

On April 20, 1999, Crown Pacific filed a memorandum in opposition to the plaintiffs' motion for an injunction pending appeal.

On April 21, 1999, the federal defendants filed their opposition to the plaintiffs' motion for an injunction pending appeal and adopted the memorandum in opposition to the plaintiffs' motion for an injunction pending appeal filed by Crown Pacific.

On April 23, 1999, the plaintiffs filed a notice of appeal from the judgment entered by this court on April 15, 1999 in favor of the defendants and against the plaintiffs.

## APPLICABLE LAW

Rule 62(c) of the Federal Rules of Civil Procedure provides, in relevant part:

When an appeal is taken from [a] final judgment ... denying an injunction, the court in its discretion may ... grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party....

In determining whether an injunction pending appeal is appropriate, the court considers 1) whether the appellant demonstrates a likelihood of success on the merits of the appeal; 2) whether the appellant will suffer irreparable injury unless the injunction is granted; 3) whether an injunction will substantially harm other interested parties; and 4) the effects of an injunction on the public interest. *See Sun Studs, Inc. v. ATA Equip. Leasing, Inc.,* 655 F.Supp. 1013, 1017–18 (D.Or.1987), *aff'd in part, rev'd in part on other grounds,* 872 F.2d 978 (Fed.Cir.1989). In considering injunctive relief, the United States Court of Appeals for the Ninth Circuit held that "the required degree of irreparable harm increases as the probability of success decreases." *Oakland Tribune, Inc. v. Chronicle Publ'g Co.,* 762 F.2d 1374, 1376 (9th Cir.1985).

## CONTENTIONS OF THE PLAINTIFFS

The plaintiffs contend that absent an injunction pending appeal, nothing will prevent the government from transferring the public lands in this exchange to Crown Pacific and nothing will prevent Crown Pacific from immediately logging the forest stands. The plaintiffs contend that logging these forest stands will cause irreparable harm to late and old structural forests, the wildlife species associated with late and old growth forests, and to sensitive plant species. The plaintiffs contend that the Forest Service will suffer no harm from a delay in the exchange pending appeal, and while Crown Pacific may suffer some economic harm, this kind of harm does not constitute irreparable injury.

The plaintiffs further contend that the issues presented in this litigation have significant merit, and that the United States Court of Appeals for the Ninth Circuit should be given the chance to review the issues. Finally, the plaintiffs argue that an injunction pending appeal is necessary in order to protect the public interest in ensuring that the Forest Service undertakes the required environmental analysis before it makes an irretrievable commitment of resources.

## CONTENTIONS OF THE DEFENDANTS

The defendants contend that the plain-tiffs are not likely to prevail on the merits in this appeal because the legal issues are straightforward; they have been directly addressed by this court; and the plaintiffs have made no showing of the likelihood of their success on the merits. The defendants further contend that the net loss of 3,300 acres of late and old structure forests in this case will be compensated for by the immediate and long-term net benefits to the public in acquiring riparian lands, as well as more lands and lands in better locations which will be managed to provide greater ecosystem benefits. The defendants contend that the record in this case does not support a claim of irreparable harm to wildlife or to sensitive plant species. Finally, the defendants contend that an injunction pending appeal will severely damage the public interest by jeopardizing this land exchange and discouraging future land exchanges.

Finally, Crown Pacific contends that an injunction pending appeal will cause serious and irreversible economic injury to Crown Pacific.

## RULING OF THE COURT

■ This court has fully considered and rejected all of the grounds advanced by the plaintiffs to demonstrate their likelihood of success on the merits of an appeal. After careful consideration of a lengthy administrative record, this court found that the Land Exchange Project does not violate NEPA or FLPMA as alleged by the plaintiffs. This court found that Forest Service has reasonably concluded that the Land Exchange Project was in the public interest. The court concludes that the Forest Service would suffer substantial harm from an injunction pending appeal because an injunction will delay and possibly jeopardize the acquisition of other lands valuable to the future management of its resource. Further, Crown Pacific will suffer substantial economic injury from an injunction pending appeal.

Finally, this court must consider the degree of irreparable harm that the plaintiffs may suffer if an injunction pending appeal is not granted and the plaintiffs prevail on appeal. The public parcels of forested lands included in the Land Exchange Project contain more than 4,700 acres of late and old structure forest stands. These forest stands will be lost to the public if they are transferred to Crown Pacific, a commercial timber company. This court has stated that "[t]he destruction of [old growth forests] without compliance with law is a significant and irreparable injury. Old growth forests are lost for generations, and no amount of monetary compensation can replace the environmental loss." *Portland Audubon Soc'y v. Lujan*, 795 F.Supp. 1489, 1509 (D.Or.1992), *aff'd*, 998 F.2d 705 (9th Cir.1993), *quoting* Opinion of March 29, 1989, pp. 3–4; *see also Seattle Audubon Soc'y v. Evans*, 771 F.Supp. 1081, 1093 (W.D.Wash.1991), *aff'd*, 952 F.2d 297 (9th Cir.1991).

Rule 62(c) of the Federal Rules of Civil Procedure allows the court in its discretion to act in a reasonable manner after considering all of the factors discussed above. This court finds that an injunction pending appeal should not be granted because 1) the plaintiffs have not demonstrated a likelihood of success on the merits; 2) an injunction pending appeal will substantially harm the Forest Service and Crown Pacific; and 3) the public interest does not favor an injunction pending appeal. However, given the nature of the environmental consequences which will result from the land exchange, the court will enjoin the Forest Service from exchanging the deeds pursuant to the Land Exchange Project for sixty days from the date of this Opinion and Order in order to allow the plaintiffs to move the United States Court of Appeals for the Ninth Circuit for an injunction pending appeal pursuant to Rule 8 of the Federal Rules of Appellate Procedure. The court will not require the plaintiffs to post a bond during this sixty-day period.

IT IS HEREBY ORDERED that the plaintiffs' motion for injunction pending appeal (# 160) is DENIED.

IT IS FURTHER ORDERED that the Forest Service shall not exchange the deeds pursuant to the Land Exchange Project for sixty days from the date of this Opinion and Order in order to allow the plaintiffs to move the United States Court of Appeals for the Ninth Circuit for an injunction pending appeal pursuant to Rule 8 of the Federal Rules of Appellate Procedure.