PROTECT OUR WATER and San Joaquin Raptor/Wildlife Rescue Center, non profit organizations, Plaintiffs,

v.

Lt. Gen. Robert B. FLOWERS, Commander, U.S. Army Corps of Engineers, Col. Michael J. Conrad Jr., District Engineer, Sacramento District, U.S. Army Corps of Engineers, and Diablo Grande Limited Partnership, Defendants.

No. CIV.S–03–0986 WBS/JFM.

United States District Court,
E.D. California.

May 13, 2004.

Mark A. Brown, Wildlife & Marine Resources Section, Environment & Natural Resources Division, U.S. Department of Justice, Washington, DC, for United States.

## MEMORANDUM AND ORDER

SHUBB, District Judge.

On March 22, 2004, the court denied plaintiffs' motion for summary judgment and granted defendants' cross-motions for summary judgment in this action. On the same day, the court entered judgment in favor of defendants and against plaintiffs. The court also denied plaintiffs' motion for a preliminary injunction and request for a permanent injunction.

On April 6, 2004, plaintiffs filed a Notice of Appeal to the United Stated Court of Appeals for the Ninth Circuit. Plaintiffs now move to enjoin defendants Lieutenant General Robert B. Flowers and Colonel Michael J. Conrad, Jr. of the United States Army Corps of Engineers (collectively, the "Corps") from issuing any further permits in connection with the development project of defendant Diablo Grande Limited Partnership ("Diablo Grande") in Stanislaus County—the subject of this litigation. Plaintiffs also seek to enjoin further construction on the development project pending appeal.

 Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed. *Natural Resources Def. Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). However, the principle of exclusive appellate jurisdiction is not absolute. *Id.* Rather, the trial court retains the inherent power during the pendency of an appeal to act to preserve the status quo to ensure the effectiveness of the eventual judgment. *See id.; Tribal Village of Akutan*, 859 F.2d 662, 663 (9th Cir.1988).

Federal Rule of Civil Procedure 62(c), which allows a district court to "in its discretion . . . suspend, modify, restore, or

grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party," codifies the exception to the general rule of exclusive appellate jurisdiction. Rule 62(c) "does not restore jurisdiction to the district court to adjudicate anew the merits of the case." *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*, 686 F.2d 731 (9th Cir.1982).

In addition, pursuant to Federal Rule of Appellate Procedure 8(a)(1), to obtain an injunction pending appeal from the Ninth Circuit, "[a] party must ordinarily move first in the district." [1]

 In deciding whether to grant an injunction pending appeal, courts apply the standard employed when considering a motion for a preliminary injunction. *Akutan*, 859 F.2d at 663; *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir.1983). In the Ninth Circuit, to meet the criteria for a preliminary injunction, the moving party must demonstrate "either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." *Akutan*, 859 F.2d at 663 (internal quotation marks omitted). These two "interrelated legal tests" are not separate, but represent the "outer reaches of a single continuum." *Lopez*, 713 F.2d at 1435 (quoting *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1201 (9th Cir.1980)). The required degree of irreparable harm increases as the probability of success decreases. *Western Land Exch. Project v. Dombeck*, 47 F.Supp.2d 1216 (D.Or.1999). The public interest standard is a separate consider-

---

1. Pursuant to Federal Rule of Appellate Procedure 8(a)(2), a motion for injunction pending appeal may be made to the court of appeals or to one of its judges. Such a motion must "state that, a motion having been made, the district court denied the motion or failed to afford the relief requested." Fed. R.App. P. 8(a)(2)(A).

ation in determining whether to grant equitable relief. *Amoco Prod. Co. v. Village of Gambell,* 480 U.S. 531, 545, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987).

### A. Success on Merits/Serious Legal Question

Several courts have observed that the "success on the merits factor cannot be rigidly applied," because if it were, an injunction would seldom, if ever, be granted "because the district court would have to conclude that it was probably incorrect in its determination on the merits." *Oregon Natural Res. Council v. Marsh,* Civ. No. 85–6433–E, 1986 WL 13440, *1 (D.Or. 1986) (citing *Himebaugh v. Smith,* 476 F.Supp. 502, 510 (C.D.Cal.1978)). Rather, district courts properly "stay their own orders when they have ruled on an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained." *Id.* (citing *Washington Metro. Area v. Holiday Tours,* 559 F.2d 841, 844 (D.C.Cir.1977)). An injunction is "frequently issued where the trial court is charting a new and unexplored ground and the court determines that a novel interpretation of the law may succumb to appellate review." *Stop H-3 Ass'n v. Volpe,* 353 F.Supp. 14, 16 (D.Hawai'i 1972).

■ According to plaintiffs, "[t]he two issues plaintiffs intend to focus on in their appeal are whether this Count erred in ruling that the Corps need not prepare an [Environmental Impact Statement] pursuant to [the National Environmental Policy Act ("NEPA")] and in ruling that the Corps need not consult further with the [United States Fish and Wildlife Service ("Service")] on the impacts of the project on the fox and frog pursuant to the [Endangered Species Act ("ESA")]." (Mot. at 3). Review of whether an agency decision violated environmental statutes does not present novel legal issues. *See Wetlands Action Network v. United States Army Corps of Eng'rs,* 222 F.3d 1105, 1114 (9th Cir.2000) (applying the "arbitrary and capricious" standard to the agency's decision not to prepare an EIS); *Friends of the Earth v. Hintz,* 800 F.2d 822, 830–31 (9th Cir.1986) (applying the "arbitrary and capricious" standard to the agency's decision to issue a section 404 permit under the CWA); *Pacific Coast Fed'n of Fishermen's Ass'ns v. United States Bureau of Reclamation,* 138 F.Supp.2d 1228, 1239 (N.D.Cal.2001) (applying the "arbitrary and capricious" standard to review of an agency's action under the ESA).

While this court will not venture any opinion as to how the Court of Appeals will eventually rule, plaintiffs have specified neither any factual error nor any rationale for concluding that this court's determination was incorrect. *See id.* (denying an injunction pending appeal and noting that the plaintiffs failed to specify portions of the record to show the court that its findings were incorrect).

### B. Irreparable Harm/Balance of Hardships

■ Plaintiffs have failed to make any convincing showing that irreparable harm will be suffered if an injunction pending appeal is not granted and plaintiffs prevail on appeal. Plaintiffs contend that harm to the endangered San Joaquin kit fox and the threatened red-legged frog will likely result if construction continues, but they have made no stronger showing of irreparable harm now than they did before. In its order of March 22, 2004, the court fully considered the same arguments plaintiffs' present in the instant motion, and determined that plaintiffs failed to demonstrate threat of harm to either the San Joaquin kit fox or the red-legged frog. In addition, having carefully considered the record, the court also determined that defendants did

not violate the procedural requirements of either the ESA or NEPA. In the instant motion, plaintiffs provide no evidence or argument challenging these determinations.

There is no presumption of irreparable harm where insufficient evaluation of environmental impacts under NEPA is alleged. *See Idaho Sporting Congress, Inc. v. Alexander*, 222 F.3d 562, 569 (9th Cir. 2000). As the court has previously noted, plaintiffs neglected to request a preliminary injunction until their motion for summary judgment, more than two years after the Corps initially issued the dredge and fill permit, and more than one year after the Corps approved the start of construction.[2] Presently, approximately 80 percent of the permitted impact to United States waters has already been completed; Diablo Grande's permit allows dredge and fill of only one more acre of United States waters. (*See* March 22, 2004 Order at 8; December 23, 2003 Order at 9).

At the March 8, 2004 hearing on the parties' motions for summary judgment and plaintiffs' motion for preliminary injunction, plaintiffs' counsel acknowledged that at present, it is not clear that construction activity has caused irreparable injury. (Garner Decl. Ex. 1 (hearing transcript) at 75:11–19). Additionally, in the instant motion, plaintiffs "do not ask that any existing construction be undone or that any structures be removed," suggesting that the existing construction has not and will not harm either the San Joaquin kit fox or the red-legged frog. (Mot. at 7). Thus, it appears from plaintiffs' statements that they have no evidence demonstrating that completion of 80 percent of the per-mitted impacts have thus far caused any irreparable injury. (*See* December 23, 2003 Order at 9). Nor have plaintiffs presented any evidence that they will suffer any irreparable injury if the construction on the remaining single acre of water is completed.

Also, plaintiffs request that the court enjoin issuance of further permits related to the Diablo Grande development project in Stanislaus County. However, it is unclear how plaintiffs will suffer irreparable harm without the requested injunction. Should Diablo Grande apply for additional permits, plaintiffs will be able to participate in any future permitting process.

Conversely, Diablo Grande would suffer substantial economic injury from an injunction pending appeal. An injunction would delay recovery of the financial resources Diablo Grande has already invested in the development. Moreover, an injunction would affect the third party builders with whom Diablo Grande has entered into contracts to deliver finished lots for construction of homes. (*See* December 23, 2003 Order at 8). Accordingly, the court determines that an injunction pending appeal is unnecessary to preserve the status quo and inappropriate in light of all the relevant considerations.

IT IS THEREFORE ORDERED that plaintiffs' motion for an injunction pending appeal be, and the same hereby is, DENIED.

---

2. The Corps issued Diablo Grande's permit In June 2001, and approved the start of construction in July 2002. (December 23, 2003 Order at 4, 7).

Plaintiffs moved for a preliminary injunction in January 2004, but agreed, at defen-dants' request, to a consolidate the hearing on their motion for preliminary injunction and the hearing on their motion for summary judgment. These motions were heard by the court on March 8, 2004.